Matthew J. Matern (CA SBN 159798)
mmatern@maternlawgroup.com
Joshua D. Boxer (CA SBN 226712)
jboxer@maternlawgroup.com
Roy K. Suh (CA SBN 283988)
rsuh@maternlawgroup.com
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:   (310) 531-1900
Facsimile:   (310) 531-1901

Attorneys for Plaintiff NINA REJUSO
individually and on behalf of others
similarly situated and aggrieved

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA REJUSO individually and on behalf of others similarly situated and aggrieved<br><br>Plaintiff<br><br>v.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC. a Delaware corporation; BROOKDALE SENIOR LIVING, INC. a Delaware corporation; BROOKDALE LIVING COMMUNITIES, INC. a Delaware corporation; BKD PERSONAL ASSISTANCE SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br>Defendants | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  Failure to Provide Required Meal Periods<br>2.  Failure to Provide Required Rest Periods<br>3.  Failure to Pay Overtime Wages<br>4.  Failure to Pay Minimum Wages<br>5.  Failure to Pay Split Shift Wages<br>6.  Failure to Timely Pay Wages<br>7.  Failure to Pay All Wages Due to Discharged and Quitting Employees<br>8.  Failure to Furnish Accurate Itemized Wage Statements<br>9.  Failure to Maintain Required Records<br>10. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>11. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION**<br><br>12. Penalties under the Labor Code Private Attorneys General Act<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

1

CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES AND PENALTIES

**NATURE OF ACTION**

1.     Plaintiff NINA REJUSO, an individual ("PLAINTIFF"), brings this class action and representative action case on behalf of herself and all other similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for defendants BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware corporation; BROOKDALE SENIOR LIVING, INC., a Delaware corporation; BROOKDALE LIVING COMMUNITIES, INC. a Delaware corporation; and BKD PERSONAL ASSISTANCE SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 50 inclusive, (collectively, "DEFENDANTS") during the relevant statutory periods ("CLASS MEMBERS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

**JURISDICTION AND VENUE**

2.     Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this matter because PLAINTIFF and DEFENDANTS are respectively citizens of different States and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

3.     Pursuant to 28 U.S.C. § 1332(d)(2)(A) (the Class Action Fairness Act), this Court has original jurisdiction over this matter because it is a proposed class action case in which PLAINTIFF, CLASS MEMBERS and DEFENDANTS are citizens of different States and the matter in controversy exceeds the sum value of $5,000,000.00, exclusive of interest and costs.

4.     This Court's exercise of personal jurisdiction over DEFENDANTS is proper because DEFENDANTS have, at all relevant times, engaged in the illegal acts and omissions, which are the subject of this matter, to establish sufficient minimum contacts with the State of California.

5.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district

MATERN LAW GROUP, PC
1230 Rosecrans
Avenue, Ste 200
MANHATTAN BEACH,
CALIFORNIA 90266

because a substantial part of the events or omissions giving rise to the claims in this matter including occurred in this judicial district.

## PLAINTIFF AND CLASS MEMBERS

6.    PLAINTIFF is a resident of the State of California and a former employee of DEFENDANTS. DEFENDANTS employed PLAINTIFF in a non-exempt position in DEFENDANTS' "Brookdale South Bay" Independent Living Facility located in Torrance, California and other locations until around September 2016. PLAINTIFF reserves the right to name additional class representatives.

7.    Pursuant to California Labor Code §§ 2698, *et seq*. (the California Labor Code Private Attorneys General Act of 2004 ["PAGA"]), and because PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3, the State of California has deputized PLAINTIFF as its PAGA representative in this matter.

8.    CLASS MEMBERS are similarly situated and aggrieved current and former non-exempt employees of DEFENDANTS who worked for DEFENDANTS in the State of California at any time during the four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").

## DEFENDANTS AND DOES 1-50

9.    PLAINTIFF is informed, believes and thereon alleges that defendant BROOKDALE SENIOR LIVING COMMUNITIES, INC. ("BSLC") is, and at all times relevant was, a foreign corporation formed and existing under the laws of the State of Delaware. PLAINTIFF is further informed, believes and thereon alleges that, at all relevant times, the State of California authorized BSLC to conduct and that BSLC did conduct business in California under California corporate number C1968916.

10.   PLAINTIFF is informed, believes and thereon alleges that defendant BROOKDALE SENIOR LIVING, INC. ("BSL") is, and at all times relevant was, a foreign corporation formed and existing under the laws of the State of Delaware. PLAINTIFF is further informed, believes and thereon alleges that, at all relevant times,

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

1 | BSL conducted business in California.

2 |     11.    PLAINTIFF is informed, believes and thereon alleges that defendant
3 | BROOKDALE LIVING COMMUNITIES, INC. ("BLC") is, and at all times relevant
4 | was, a foreign corporation formed and existing under the laws of the State of Delaware.
5 | PLAINTIFF is further informed, believes and thereon alleges that, at all relevant times,
6 | the State of California authorized BLC to conduct and that BLC did conduct business in
7 | California under California corporate number C3057254.

8 |     12.    PLAINTIFF is informed, believes and thereon alleges that Defendant BKD
9 | PERSONAL ASSISTANCE SERVICES, LLC ("BKD") is, and at all times relevant was,
10 | a foreign limited liability company organized and existing under the laws of the State of
11 | Delaware. PLAINTIFF is further informed, believes and thereon alleges that, at all
12 | relevant times, the State of California authorized BKD to conduct and that BKD did
13 | conduct business in California under California file number 200734010095.

14 |     13.    PLAINTIFF does not know true names and capacities of DOES 1 through
15 | 50, inclusive, at this time and, therefore, sues such DOES as defendants under fictitious
16 | names. PLAINTIFF is informed, believes and thereon alleges that each defendant
17 | designated as a DOE is in some manner highly responsible for the occurrences alleged
18 | herein and that their acts and omissions proximately caused PLAINTIFF'S and CLASS
19 | MEMBERS' injuries. PLAINTIFF shall seek leave of this Court to amend this Complaint
20 | to allege the true names and capacities of such DOES when ascertained.

21 |     14.    PLAINTIFF is informed, believes and thereon alleges that DEFENDANTS
22 | and DOES 1 through 50, inclusive, at all relevant times, were the joint employers, alter
23 | egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters,
24 | related entities, co-conspirators, agents, partners, joint venturers, servants, joint
25 | enterprisers, and/or guarantors, actual or ostensible, of each other and that
26 | DEFENDANTS and DOES 1 through 50, inclusive, performed the acts and omissions
27 | that proximately caused PLAINTIFF'S and CLASS MEMBERS' injuries in concert with
28 | each other.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

15.    PLAINTIFF is informed, believes and thereon alleges that each of the DEFENDANTS completely dominated his, her or its co-defendant and that each of the DEFENDANTS authorized, actually or ostensibly, his, her or its co-defendant to perform the acts and omissions alleged herein within the course and scope of their agencies. PLAINTIFF is further informed, believes and thereon alleges that to the extent that certain DEFENDANTS perpetrated certain acts and omissions, the remaining DEFENDANTS condoned, authorized and ratified such acts and omissions.

16.    At all relevant times, DEFENDANTS exercised control over PLAINTIFF'S and CLASS MEMBERS' wages, hours and working conditions under employment agreements that were partly written, partly oral and partly implied. Accordingly, and unless alleged otherwise, whenever PLAINTIFF alleges that any of the DEFENDANTS committed an act or omission proximately causing PLAINTIFF'S and CLASS MEMBERS' injuries, PLAINTIFF alleges that each of the DEFENDANTS are culpable and liable for that act or omission individually, jointly, and severally.

## CLASS ALLEGATIONS

17.    At all relevant times, DEFENDANTS acted pursuant to, and in furtherance of, their uniform business policies and practices of failing to pay PLAINTIFF and CLASS MEMBERS all wages earned and due to them by and through methods and schemes which include, but are not limited to, failing to timely provide compliant meal periods (or to pay compensation for a lack thereof); failing to timely provide compliant rest periods (or to pay compensation for a lack thereof); failing to pay all minimum wages due; failing to pay all overtime wages due; failing to pay split shift wages due; failing to timely pay all wages due during employment; failing to timely pay all wages to due at time of discharge or quitting; failing to provide accurate itemized statements; failing to maintain accurate records; and failing to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties.

18.    DEFENDANTS' acts and omissions are in violation of the California Labor Code, the applicable Industrial Welfare Commission ("IWC") Wage Order and the

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

5

CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES AND PENALTIES

California Business and Professions Code, which prohibits such unfair business practices.

19.   As a direct and proximate result of DEFENDANTS' unlawful acts and omissions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings and other remunerations in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

20.   Accordingly, PLAINTIFF brings this class and representative action to recover, among other things: wages and penalties from unpaid wages earned and due, including, but not limited to, unpaid meal premium payments, unpaid rest premium payments, unpaid minimum wages, unpaid overtime wages, unpaid split shift wages, amounts due for failure to timely pay all wages due during employment; amounts due for failure to timely pay all wages to due at time of discharge or quitting, amounts due for failure to provide accurate itemized wage statements, amounts due for failure to maintain required records, amounts due for failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, and interest, attorneys' fees, costs, and expenses.

## **PROPRIETY OF CLASS ACTION**

21.   This action is appropriately suited for class treatment because:

a.   The potential class is a significant number and joinder of all current and former employees individually would be impracticable.

b.   This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' illegal practices and policies which were applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.   PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because DEFENDANTS subjected all non-exempt employees to the same violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Ste 200
Manhattan Beach, California 90266

CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES AND PENALTIES

1          d.    PLAINTIFF does not have any interests adverse to the interests of

2  CLASS MEMBERS and will fairly and adequately protect the interests of all CLASS

3  MEMBERS.

4                     **FIRST CAUSE OF ACTION**

5              **Failure to Provide Required Meal Periods**

6  **[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 11]**

7                **(Against all DEFENDANTS)**

8      22.    PLAINTIFF refers to and incorporates by reference all facts alleged in

9  paragraphs 1-21 as if fully set forth herein.

10     23.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll

11  policies and practices to deprive their non-exempt employees all wages earned and due,

12  DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS

13  MEMBERS to take less than a 30-minute meal period, or to work through them, and have

14  failed to otherwise provide the required meal periods to PLAINTIFF and CLASS

15  MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order No.

16  5-2001, § 11.

17     24.    DEFENDANTS further violated California Labor Code § 226.7 and IWC

18  Wage Order No. 5-2001, § 11 by failing to compensate PLAINTIFF and CLASS

19  MEMBERS who were not provided with a meal period, in accordance with the applicable

20  wage order, one additional hour of compensation at each employee's regular rate of pay

21  for each workday that a meal period was not provided.

22     25.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194,

23  1197, and IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFF and

24  CLASS MEMBERS for all hours worked during their meal periods.

25     26.    As a proximate result of the aforementioned violations, PLAINTIFF and

26  CLASS MEMBERS have been damaged in an amount according to proof at trial, and

27  seek all wages earned and due, interest, penalties, expenses, and costs of suit.

28  \ \ \

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]

### (Against all DEFENDANTS)

27.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

28.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5-2001, § 12.

29.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

30.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]

### (Against all DEFENDANTS)

31.    PLAINTIFF incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

32.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

33.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things, failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked.

34.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

35.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and

MATERN LAW GROUP, PC 1230 Rosecrans Avenue, Ste. 200 Manhattan Beach, California 90266

9

CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]

### (Against all DEFENDANTS)

36.     PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

37.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

38.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

39.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

## FIFTH CAUSE OF ACTION

### Failure to Pay Split Shift Wages

### [Cal. Code Regs. § 11040; IWC Wage Order No. 5-2001, § 4]

### (Against All DEFENDANTS)

40.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein..

41.    Pursuant to IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040, employers are required pay their non-exempt employees one hour's pay at the minimum wage in addition to the minimum wage for that workday when their employees' work schedules are interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods.

42.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all split shift wage premiums due pursuant to IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040.

43.    DEFENDANTS' conduct described herein violates IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

MATLRN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

## SIXTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

### [Cal. Labor Code § 204]

### (Against All DEFENDANTS)

44.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

45.    Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 30th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

46.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

47.    Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

48.    DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other

MATERN LAW GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SEVENTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

49.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

50.    Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

51.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

52.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

53.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

54.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

1  statutory penalties, including the waiting time penalties provided in California Labor

2  Code § 203, together with interest thereon, as well as other available remedies.

3       55.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

4  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

5  according to proof at the time of trial, but not in excess of the jurisdiction of this Court,

6  and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees

7  and costs, pursuant to California Labor Code § 1194.

8                        **EIGHTH CAUSE OF ACTION**

9              **Failure to Furnish Accurate Itemized Wage Statements**

10      **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]**

11                      **(Against all DEFENDANTS)**

12      56.    PLAINTIFF refers to and incorporates by reference all facts alleged in

13  paragraphs 1-21 as if fully set forth herein.

14      57.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll

15  policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages

16  earned and due, DEFENDANTS knowingly and intentionally failed to maintain records

17  as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 5-

18  2001, § 7, including, but not limited to, the following records: total daily hours worked

19  by each employee; applicable rates of pay; all deductions; meal periods; time records

20  showing when each employee begins and ends each work period; and accurate itemized

21  statements.

22      58.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

23  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to

24  proof at trial, and are entitled to all wages earned and due, plus interest thereon.

25  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory

26  penalties, including, but not limited to, civil penalties pursuant to California Labor Code

27  §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys'

28  fees, including, but not limited to, those provided in California Labor Code § 226(e), as

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

1 | well as other available remedies.

## NINTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

59.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

60.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001, § 7.

61.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

62.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

\ \ \

\ \ \

\ \ \

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

## TENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

63.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

64.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

65.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including, but not limited to, expenses for cell phone use, uniform maintenance, and other employment-related expenses, in violation of California Labor Code § 2802.

66.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

\ \ \

\ \ \

\ \ \

\ \ \

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

## ELEVENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

### (Against all DEFENDANTS)

67.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-21 as if fully set forth herein.

68.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including, but not limited to, DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, *et seq.*

69.    DEFENDANTS' violations of California wage and hour laws constitute an unfair or unlawful business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

70.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

71.    As a result of DEFENDANTS' unfair and unlawful business practices,

MATERN LAW
GROUP, PC
1730 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

1 DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the

2 expense of PLAINTIFF, CLASS MEMBERS, and members of the public.

3 DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to

4 PLAINTIFF and CLASS MEMBERS.

5     72.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF

6 and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including,

7 but not limited to, orders that DEFENDANTS account for, disgorge, and restore to

8 PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully

9 withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of

10 all monies to be disgorged from DEFENDANTS in an amount according to proof at the

11 time of trial, but not in excess of the jurisdiction of this Court.

### TWELFTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

16     73.    PLAINTIFF refers to and incorporates by reference all facts alleged in

17 paragraphs 1-21 as if fully set forth herein.

18     74.    PLAINTIFF is an "aggrieved employees" within the meaning of California

19 Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of

20 herself and other current and former employees of DEFENDANTS pursuant to the

21 procedures specified in California Labor Code § 2699.3, because PLAINTIFF was

22 employed by DEFENDANTS and the alleged violations of the California Labor Code

23 were committed against PLAINTIFF.

24     75.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"),

25 Labor Code §§ 2698, *et seq.*, PLAINTIFF seeks to recover civil penalties, including, but

26 not limited to, penalties under California Labor Code §§ 210, 225.5, 226.3, 558, 1174.5,

27 1197.1, 1199, and IWC Wage Order No. 5-2001, § 20, from DEFENDANTS in a

28 representative action for the violations set forth above, including, but not limited to,

MATERN LAW GROUP, PC 1230 ROSECRANS AVENUE, STE 200 MANHATTAN BEACH, CALIFORNIA 90266

violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

76.    On March 13, 2017, and pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice by online filing with the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders PLAINTIFF alleges DEFENDANTS have been violated along with the facts and theories supporting the alleged violations. PLAINTIFF'S notice to the LWDA was accompanied by PLAINTIFF'S payment of $75.00 filing fee. Because the LWDA did not provide PLAINTIFF with notice of its intent to investigate the alleged violations in the 65 calendar days that have lapsed, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative PAGA action against DEFENDANTS on behalf of herself and other similarly aggrieved employees of DEFENDANTS.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated and aggrieved, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS

19

1 | from violating the relevant provisions of the California Labor Code and the IWC Wage

2 | Orders, and from engaging in the unlawful business practices complained of herein;

3 |       6.    For waiting time penalties pursuant to California Labor Code § 203;

4 |       7.    For statutory and civil penalties according to proof, including, but not

5 | limited to, all penalties authorized by the California Labor Code §§ 226(e) and 2699;

6 |       8.    For interest on the unpaid wages at 10% per annum pursuant to California

7 | Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other

8 | applicable provision providing for pre-judgment interest;

9 |       9.    For reasonable attorneys' fees and costs pursuant to California Labor Code

10 | §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable

11 | provisions providing for attorneys' fees and costs;

12 |       10.    For declaratory relief;

13 |       11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth,

14 | Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

15 |       12.    For an order appointing PLAINTIFF as a class representative and

16 | PLAINTIFF'S counsel as class counsel; and

17 |       13.    For such further relief that the Court may deem just and proper.

18 | DATED July 14, 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiff NINA REJUSO
individually and on behalf of others
similarly situated and aggrieved

CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES AND PENALTIES

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED July 14 , 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiff NINA REJUSO individually and on behalf of others similarly situated and aggrieved

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

21

CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES AND PENALTIES