UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 17-5227-DMG (RAO)** | Date | May 22, 2019 |
|---|---|---|---|
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 1 of 9 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PARTIES' SUPPLEMENTAL BRIEFING [53, 54] RE DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION [38]**

This matter is once again before the Court on Defendants' second Motion to Compel Arbitration ("MTC II"). [Doc. # 38.] In response to the Court's prior Order on the MTC II [Doc. # 50], the parties submitted supplemental briefing regarding the enforceability of the Dispute Resolution Agreement ("DRA"). For the following reasons, the Court **GRANTS** the MTC II as to claims one through 11, **STRIKES** Plaintiff's class action allegations, and **STAYS** Plaintiff's claims under California's Private Attorney General Act pending the outcome of arbitration.

**I.
BACKGROUND[1]**

In its June 5, 2018 Order, the Court determined that an arbitration agreement exists between the parties. [Doc. # 37 at 8.] In that Order, the Court analyzed which of two potential arbitration agreements—the DRA [Doc. # 19-7] or the Employee Handbook's Arbitration Provision [Doc. # 20-8 ("Arbitration Provision")]—controlled. While the Court determined that the Arbitration Provision controlled, it did not rule at that time on either provision's enforceability.[2] [Doc. # 37 at 10-11.]

---

[1] The Court incorporates by this reference the facts presented in its June 5, 2018 Order [Doc. # 37 at 2–5] and recites below only those newly introduced or particularly relevant facts that the Court must consider to resolve the MTC II.

[2] The Court notes that its June 5, 2018 Order referred to the DRA as "unenforceable." [Doc. # 37 at 10.] That description was not a determination as to the DRA's validity as a matter of contract law, but rather a reflection of the sequencing at issue before the Court at that time. The Court was deciding whether the Employee Handbook or the DRA was the controlling arbitration agreement. Having concluded that the Arbitration Provision superseded the DRA, the Court ruled that the DRA became inoperative, or "unenforceable," while the Arbitration Provision was the operative agreement between the parties.

UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 2 of 9 |

On November 13, 2018, the Court ruled that the Arbitration Provision was unconscionable and therefore unenforceable. [Doc. # 50.] The Court also held that, as a result, the DRA "c[ame] back into play" as the operative agreement between the parties and that the Court now had to determine the DRA's enforceability. *Id.* at 7. Accordingly, the Court ordered the parties to decide between themselves whether they preferred that the Court render a ruling on that issue based on the parties' previous submissions or based on a round of limited supplemental briefing. *Id.* The parties elected to file supplemental briefing [Doc. # 51] and the issue is now fully briefed. [Doc. ## 53 ("Suppl. Opp."), 54 ("Suppl. Reply").]

Relatedly, on September 18, 2017, the Honorable Dale S. Fischer granted a motion to compel arbitration in a separate wrongful termination action brought by Plaintiff against Defendants. *See Rejuso v. Brookdale Senior Living, Inc.,* No. CV 17-4647 (C.D. Cal. 2017) ("Wrongful Termination Case"); *see also* [Doc. # 33-1 ("Judge Fischer Order").] Judge Fischer held that the DRA was a valid arbitration agreement and that it was not, on balance, unconscionable. [Doc. # 33-1 at 12-13.] The Court has since taken judicial notice of Judge Fischer's Order and a second district court order between Geneflor Sacro and two of the Defendants in this action, Brookdale Senior Living Communities, Inc. and Brookdale Living Communities, Inc ("Sacro Order"). [Doc. # 37.]

On May 21, 2018, the United States Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), reversing the Ninth Circuit's decision in *Morris v. Ernst & Young*, 834 F.3d 975, 989-90 (9th Cir. 2016).

## II.
## LEGAL STANDARD

The Court hereby incorporates the legal standard applicable to motions to compel arbitration set forth in its June 5, 2018 Order, and need not repeat it here. [Doc. # 37 at 6-7.]

## III.
## DISCUSSION

While Plaintiff repeats her arguments that the parties rescinded the DRA and that the Arbitration Provision superseded and "extinguished" it, the Court has already ruled that the Arbitration Provision's unenforceability operates to revive the DRA. [Doc. # 50 at 6-7]; *see generally* Suppl. Opp. Plaintiff did not style her supplemental brief as a motion for reconsideration, and did not cite any rules or cases governing the reconsideration standard, but, to the extent she is requesting that the Court reconsider its previous ruling, her request is **DENIED**. The Local Rules provide that parties may only move a court to reconsider a prior ruling in the face of:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
|---|---|---|---|
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 3 of 9 |

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18. Plaintiff's supplemental brief makes no such argument, meaning that Plaintiff is essentially asking the Court to do that which it cannot—reconsider an issue it already decided. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (under the law of the case doctrine, a Court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court, in the same case). The Court declines to do so.

The only question now before the Court, therefore, is whether the DRA is enforceable now that it is back in play. Despite the explicit instruction to brief that issue, however, Plaintiff omits from her supplemental brief any argument relating to the DRA's enforceability beyond her renewed and now twice rejected rescission-based theories. Defendants, however, argue that the DRA is enforceable because it is not unconscionable. The Court agrees with Defendants.

**A.      Unconscionability**

For a contract to be unenforceable due to unconscionability, a court must find that the contract is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). Substantive unconscionability "pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Id.* ("A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to 'shock the conscience.'"). The party "resisting arbitration" bears the burden to show both procedural and substantive unconscionability, but need not show equal amounts of both—"the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* at 247.

Defendants have shown that (1) Plaintiff is collaterally estopped from arguing the DRA is more than minimally procedurally unconscionable, and (2) the DRA is not substantively unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 4 of 9 |

**1. Judge Fischer's Ruling Regarding Procedural Unconscionability Binds Plaintiff Here**

Under the doctrine of collateral estoppel, or issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *In re Marshall*, 600 F.3d 1037, 1061 (9th Cir. 2010) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (internal quotations omitted). Under California law, "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Patterson v. City of Yuba City*, 884 F.3d 838, 841-42 (9th Cir. 2018) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015)).

In the Wrongful Termination Case, Judge Fischer made specific findings about the validity of the DRA, including that it showed only a "low level of procedural unconscionability." Judge Fischer Ruling at 11. That ruling binds Plaintiff in this case as well.

First, her ruling conclusively resolved the procedural unconscionability issue in that case. *Id.* at 10-11; *Brother Records, Inc. v. Jardine*, 432 F.3d 939, 943 (9th Cir. 2005) (citing *Rymer v. Hagler*, 211 Cal. App. 3d 1171, 1180 (1989) for the proposition that "collateral estoppel requires only a final adjudication of the issue sought to be precluded in the second action" not a final judgment as to the whole action).

Second, the procedural unconscionability determinations in the Wrongful Termination Case and this action are identical. The "identical issue requirement" focuses on "whether 'identical factual allegations' are at stake in the two proceedings." *Murphy v. Murphy*, 164 Cal. App. 4th 376, 400 (2008), *as modified on denial of reh'g* (July 22, 2008) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 342 (1990)). While the causes of action in the two cases are different, both cases concerned the enforceability of the DRA and in both cases the parties relied on identical underlying facts about Plaintiff agreeing to the DRA as a condition of employment. The issue of procedural unconscionability in this case is therefore identical to the issue in the Wrongful Termination Case.

Third, the issue of the DRA's procedural unconscionability was actually litigated and necessarily decided in the Wrongful Termination Case. An issue is actually litigated "if it was properly raised, submitted for determination, and determined in that proceeding." *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009). And the "necessarily decided" element requires "only that the resolution of the issue was not entirely unnecessary to the judgment in the initial proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 83 (2008) (internal quotations omitted). The parties properly "raised" procedural unconscionability, argued it, and "submitted"

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 5 of 9 |

it "for determination," and Judge Fischer "determined" the issue in her ruling. Similarly, the issue was "not entirely unnecessary"—it was essential to the court's unconscionability analysis.

Finally, the parties in the two cases are the same. Therefore, collateral estoppel applies, and the Court adopts Judge Fischer's ruling that the DRA presents only "a low level of procedural unconscionability."

### 2. Judge Fischer's Ruling on Substantive Unconscionability Does Not Bind Plaintiff

Judge Fischer also ruled on the DRA's substantive unconscionability, but the Court cannot apply collateral estoppel to this issue. While her Order satisfies several elements of collateral estoppel as to substantive unconscionability as well, the issue before the Court is not identical to the issue Judge Fischer decided because there has been a "significant change in the legal climate" since her decision. *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 914 (9th Cir. 1997).

Relying on *Morris*, which held that the National Labor Relations Act ("NLRA") rendered class and representative action waivers unenforceable if they were a precondition to employment, Judge Fischer held that the DRA was, in part, substantively unconscionable because it contained "concerted action waivers." Fischer Ruling at 11-12.[3] Afterwards, the Supreme Court explicitly reversed *Morris* and held that the NLRA does not prevent courts from enforcing arbitration agreements that include class-action waivers. *See Epic Systems*, 138 S. Ct. at 1621-23, 1632. In other words, the basis for Judge Fischer's substantive unconscionability ruling is no longer good law. This significant change in controlling legal authority means that the Court must analyze the DRA's substantive unconscionability on its own.[4]

### 3. Plaintiff Has Failed to Show Any Substantive Unconscionability

As explained above, substantive unconscionability focuses on whether the terms of the agreement are "so one-sided as to shock the conscience." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003) (quoting *Kinney v. United Healthcare Servs.*, 70 Cal. App. 4th 1322, 1330). Plaintiff makes no substantive unconscionability argument in her Supplemental Opposition. *See* Suppl. Opp. Moreover, her only previous claim to substantive unconscionability is that the DRA includes a class action waiver and that such waivers are

---

[3] Judge Fischer ultimately ruled, however, that these provisions did not render the entire DRA unenforceable because they could be severed from the remainder of the contract. *Id.*

[4] By the same token, the *Sacro* Order does not estop Plaintiff on the issue of substantive unconscionability either. That order also relied on *Morris*, and was decided before *Epic Systems*. *Sacro* Order at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 6 of 9 |

unlawful under *Morris*.[5] [Doc. # 20 at 6, 11-12, 18-19.] Following *Epic Systems*, however, those arguments no longer carry any weight. As a result, Plaintiff has failed to satisfy her burden, as the party opposing arbitration, to show the DRA's substantive unconscionability. *Pinnacle Museum Tower Assn., LLC*, 55 Cal. 4th at 247.

Because the DRA is only minimally procedurally unconscionable, and Plaintiff has failed to show any substantive unconscionability, the DRA is not unconscionable. And since Plaintiff puts forth no other argument as to why the DRA is unenforceable, the Court concludes that the DRA contains a valid and enforceable arbitration agreement.

**B.     Defendants' Motion to Strike Class Action Claims**

The DRA also contains a class action waiver provision, which states that "[t]here is no right or authority under this Agreement for any dispute to be brought, heard or arbitrated as a class or collective action." [Doc. 19-7 at § 8.] The DRA also states that the enforceability of the class action waiver must be determined by the Court.[6] *Id.* Accordingly, Defendants ask the Court to strike "the class action allegations in the Complaint." Suppl. Reply at 8.

Because that waiver provision is enforceable for the same reasons discussed above, the Court **GRANTS** Defendants' Motion to Strike. Plaintiff may not pursue her claims on a class-wide basis. *See Aviles v. Quik Pick Express, LLC*, 703 F. App'x 631, 632 (9th Cir. 2017) (instructing the district court to "decline to allow [the plaintiff] to represent any other individual, as a class representative or otherwise," except as to "PAGA" claims, discussed below).

**C.     Plaintiff's Claims Under California's Private Attorney General Act ("PAGA")**

The Court also indicated in its November 13, 2018 Order that it would "make a determination as to Plaintiff's [PAGA] claims when it decides" whether the DRA is enforceable. [Doc. # 50 at 7.] Plaintiff, once again, makes no argument on the subject. Defendants, on the other hand, argue that *Epic Systems* requires the Court to enforce the DRA's representative action waiver and compel Plaintiff's individual PAGA claims to arbitration or, alternatively, at least compel Plaintiff to arbitrate her PAGA claim based on California Labor Code ("CLC") section 558.

---

[5] This Court previously found as much prior to both *Morris* and *Epic Systems*. *See Totten v. Kellogg, Brown & Root, LLC*, 152 F.Supp.3d 1243, 1260-1265 (C.D. Cal. 2016).

[6] This provision brings the waiver outside of the arbitrator's purview, even after the U.S. Supreme Court's decision in *Henry Schein, Inc. v. Archer & White.*, 139 S.Ct. 524 (2019) (holding that federal courts do not have the authority to decide arbitrability when the contract expressly gives that decision to the arbitrator).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 7 of 9 |

1. ***Epic Systems* Does Not Overrule *Sakkab* and *Iskanian* and the DRA Does Not Bar Plaintiff's PAGA Claims**

The DRA includes the following waiver of the right to bring a representative action under PAGA: "There is no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general action." [Doc. 19-7 at § 9.] Before *Epic Systems*, however, the California Supreme Court decided that, "an employee's right to bring a PAGA action is unwaivable." *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014). The Ninth Circuit then held that the Federal Arbitration Act ("FAA") does not conflict with, or preempt, *Iskanian*'s holding. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015). The thrust of these decisions is that employers cannot require employees to waive their right to bring representative PAGA actions.

Defendants argue that *Epic Systems*, without expressly reversing either *Iskanian* or *Sakkab*, overturned both decisions and allowed Defendants to require Plaintiff to waive that right. Suppl. Reply at 8. As a rule, "circuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that are closely on point, even though those decisions do not expressly overrule the prior circuit precedent." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (internal quotations omitted). But, for the U.S. Supreme Court to have "effectively overruled" Ninth Circuit or California Supreme Court precedent, it "must have undercut the theory or reasoning underlying the prior . . . precedent in such a way that the cases are *clearly irreconcilable*." *Id.* at 900 (emphasis added).

*Epic Systems* did not effectively overrule *Sakkab* on this issue. The Court finds its sister court's reasoning in *Whitworth v. Solar City* persuasive. 336 F. Supp. 3d 1119, 1122 (N.D. Cal. 2018). *Whitworth* held that because PAGA claims are effectively actions on behalf of the state, as well as on behalf of individuals, an employer who forces an employee to waive the right to bring a PAGA claim effectively "immunize[s] itself from liability under a particular law . . . prosecuted on behalf of" California. *Id.* at 1123 (citing *Sakkab*, 803 F.3d 436). While *Epic Systems* held that the FAA "seems to protect pretty absolutely" parties' right to "contract[] for arbitration," it is not "clearly irreconcilable" with the *Sakkab*/*Iskanian* policy of protecting individuals' rights to prosecute civil actions on behalf of the State.

Since *Sakkab* remains good law, the Court must follow it—the DRA's PAGA waiver is unenforceable. But that does not render the entire DRA unenforceable, since the DRA includes a severability clause tailored to the PAGA waiver. [Doc. 19-7 at § 9 ("[t]his [PAGA] provision can be removed . . . [if] the court finds this waiver unenforceable").] Thus, the Court severs the PAGA waiver from the DRA and enforces the remainder. *See* Cal. Civ. Code § 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful . . . the contract is void as to the latter and valid as to the rest.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al. | Page | 8 of 9 |

Since Plaintiff must arbitrate her individual claims, but cannot be compelled to arbitrate her PAGA claims, the Court **STAYS** Plaintiff's PAGA claims during the pendency of the arbitration of her individual claims. *See Aviles*, 703 F. App'x. at 632 (staying PAGA claim pending the outcome of the arbitration); *Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 947 (N.D. Cal. 2015) (same). Once the arbitrator determines Defendants' liability for Plaintiff's first through 11th causes of action, "then [s]he can pursue [her] PAGA claims in the district court." *Aviles*, 703 F. App'x. at 632.

### 2. The Court Shall Defer Ruling on Whether to Compel Arbitration of Plaintiff's PAGA Claims Under California Labor Code Section 558

Defendant also argues that, should the Court refuse to enforce the PAGA waiver, it should at least compel Plaintiff to arbitrate her PAGA claims based on California Labor Code section 558. Suppl. Reply at 12. This area of the law, however, is unclear and inconsistent.

At the root of the ambiguity is a disagreement between California Courts of Appeal as to whether PAGA claims are divisible in this way. One panel held that an individual plaintiff's claim under section 558 is arbitrable, even though a PAGA claim brought on behalf of the State based on that claim is not. *See Esparza v. KS Industries, L.P.*, 13 Cal. App. 5th 1228, 1234-35 (2017). Another held the opposite, ruling that "claims under section 558 are indivisible claims for civil penalties" and "the trial court's order bifurcating [the plaintiff's] PAGA claim" was error. *See Lawson v. ZB, N.A.*, 18 Cal. App. 5th 705, 722-25 (2017), *rev. granted* 413 P.3d 677 (2018).

The matter is further confused by two other recent developments. The Ninth Circuit issued an unpublished opinion in February 2018 siding with *Esparza*, but did so in an "attempt to determine how the California Supreme Court might decide the issue." *See Mandviwala v. Five Star Quality Care, Inc.*, 723 F. App'x 415, 417 (9th Cir. 2018), *cert. denied sub nom. Five Star Senior Living Inc. v. Mandviwala*, 138 S. Ct. 2680 (2018). One month after *Mandviwala*, the California Supreme Court granted review of the Court of Appeal's decision in *Lawson*. *See Lawson v. ZB, N.A*, 413 P.3d 677 (Cal. 2018).

Given the California Supreme Court's decision to weigh in, the most prudent course of action is to defer ruling on this issue until that court provides guidance. When the Supreme Court issues its decision, the parties shall inform the Court, at which time it will decide how to proceed. Until then, this aspect of Plaintiff's PAGA claim is **STAYED** as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 17-5227-DMG (RAO) | Date | May 22, 2019 |
| Title | *Nina Rejuso v. Brookdale Senior Living Communities, Inc., et al.* | Page | 9 of 9 |

## IV.
## CONCLUSION

In light of the foregoing, the Court issues the following rulings:

1. Defendants' MTC II is **GRANTED** as to Plaintiff's first through 11th causes of action;

2. Defendants' Motion to Strike Plaintiff's class action allegations is **GRANTED**; and

3. Defendants' Motion to Stay Plaintiff's PAGA claims is **GRANTED**.

This matter shall be stayed and placed in inactive status pending arbitration. The parties shall notify the Court within 10 days after the conclusion of arbitration or receipt of an arbitral ruling, whichever is later, and inform the Court whether this case should be reopened to active status.

**IT IS SO ORDERED.**